UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CORREY ALCANTRA,<br><br>    Plaintiff,<br><br>v.<br><br>JOHN FELIZ, et al.,<br><br>    Defendants. | Case No. 17-cv-07377-VC<br><br>**ORDER GRANTING RENEWED MOTION TO DISMISS AND DENYING MOTION FOR SANCTIONS**<br><br>Re: Dkt. Nos. 41, 43, 44, 48 |

      The defendants' renewed motion to dismiss is granted. In his amended complaint, Correy Alcantra attempts to plead around tribal sovereign immunity by recasting his earlier allegations as RICO violations. However, the adjudication of these claims would require this Court to resolve whether Alcantra and his family members are entitled to membership in the tribe, which this Court lacks subject matter jurisdiction to adjudicate. Although the amended complaint is nominally brought against the defendants in their individual capacities, as a practical matter, Alcantra still seeks relief relating to the alleged deprivation of his tribal membership, and any relief would necessarily implicate actions taken by the tribe and tribal defendants in their official capacities. As a result, tribal sovereign immunity bars the adjudication of this dispute in federal court. *See Maxwell v. County of San Diego*, 708 F.3d 1075, 1087-88 (9th Cir. 2013) (quoting *Cook v. AVI Casino Enterprises, Inc.*, 548 F.3d 718, 727 (explaining that plaintiffs "cannot circumvent tribal immunity through a mere pleading device" (internal quotation marks and citation omitted))); *see also* Order Granting Motion to Dismiss with Leave to Amend (Dkt. No. 32) (citing *Santa Clara Pueblo v. Martinez*, 436 U.S. 49, 58-60 (1978); *Lewis v. Norton*, 424 F.3d 959, 960-61 (9th Cir. 2005)).

To the extent Alcantra alleges violations of the Indian Civil Rights Act, these claims must be dismissed because there is no private right of action for such claims. *See* Order Granting Motion to Dismiss with Leave to Amend (citing *Santa Clara Pueblo*, 436 U.S. at 61-72). In any case, Alcantra appears to seek to voluntarily dismiss the Indian Civil Rights Act claims, as well as the claim for the imposition of a constructive trust. *See* Opp. at 21 (Dkt. No. 42).

For these reasons, Alcantra's complaint is dismissed. Dismissal is without leave to amend because it is now clear that Alcantra cannot cure the defects in his lawsuit. Alcantra's request to file a shortened opposition brief is denied. The shortened brief was filed so late that it would have been unfair to require the defendants to respond to the new opposition brief given the limited time remaining before the defendants' reply was due. The defendants' request for judicial notice is granted. Fed. R. Evid. 201. Additionally, the defendants' motion for sanctions is denied, although this is a close question. The clerk of the court is directed to close the case.

**IT IS SO ORDERED.**

Dated: July 10, 2018

VINCE CHHABRIA
United States District Judge